MARY'S OPINION HEADING 



 NO. 12-03-00016-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JORGE IVAN ROJAS,
§
 APPEAL FROM THE CRIMINAL

APPELLANT


V.
§
 DISTRICT COURT ONE


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS

 

MEMORANDUM OPINION


 A jury found Jorge Ivan Rojas ("Rojas") guilty of the burglary of a building and sentenced
him to two years of confinement. In one issue, Rojas contends that the trial court erred when it
denied his motion to suppress his written statement. We affirm.


Background


 A burglary occurred at Joe's Pasta and Pizza in River Oaks, Tarrant County, Texas, where
approximately $1,600.00 in cash was stolen out of the cash register. After being apprehended in
connection with the burglary, Rojas met with Detective Christopher Speildenner ("Speildenner")
with the City of River Oaks Police Department. At the beginning of this meeting in Speildenner's
office, Rojas was read his Miranda (1) warnings from a printed card. Rojas then signed the card
containing the Miranda warnings, and Speildenner began interviewing Rojas about the events
leading up to the burglary at Joe's Pasta and Pizza. After between twenty and thirty minutes,
Speildenner began typing Rojas's statement.

 When Speildenner finished typing the written statement, he had Rojas read it. Rojas then
signed the written statement. Rojas filed a motion to suppress the statement, which was denied, and
the statement was introduced into evidence. Following Rojas's conviction, he appealed the trial
court's denial of his motion to suppress.


Issue Presented


 Rojas's sole issue is that the trial court abused its discretion in denying his motion to suppress
because under the totality of the circumstances, his statement was not voluntarily given and was
therefore illegally obtained.


Standard of Review


 In a motion to suppress hearing, the trial court is the sole trier of fact and the judge of the
credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000). We review a trial court's ruling on a motion to suppress under a
bifurcated standard of review. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000). We give almost total deference to the trial court's determination of historical facts, while
conducting a de novo review of the trial court's application of the law to those facts. Id.


Voluntariness of Written Statement


 Rojas argues that for several reasons his statement was not voluntarily given. He first
contends that Speildenner told him that things might be better for him if he told the truth and made
a statement. The issue that Rojas raises is not whether the Miranda warnings were properly given,
but whether Speildenner's remarks during his interrogation led him to believe that a confession and
giving a statement would help him. See Creager v. State, 952 S.W.2d 852, 855 (Tex. Crim. App.
1997). Remarks or comments made by an officer during an interrogation following a properly given
Miranda warning do not render that statement involuntary. See id. at 856; see also DeGraff v. State,
79 S.W.3d 610, 614 (Tex. App.-Amarillo 2002, no pet).

 Rojas also asks us to consider his age, his lack of education, his difficulty reading, the fact
that English was not his primary language, and whether the statement accurately portrayed what he
had told Speildenner. Rojas testified that although his parents spoke only Spanish, he had begun
learning English before he began attending school. He also testified that he dropped out of school
in the seventh grade. Speildenner testified that Rojas understood the English language and that he
had no trouble communicating with him in English. Further, Rojas read his written statement aloud
in the court during the suppression hearing. Rojas testified that he knew and understood about the
judicial process. He acquired this knowledge, at least in part, because he had been convicted of a
previous felony about a month before this burglary had been committed. Speildenner testified he
only typed what Rojas told him. Rojas and Speildenner both testified that Rojas had been allowed
to read the statement before he signed it. We do not disturb the trial court's findings when there is
evidence in the record to support them. We hold that under the totality of the circumstances in the
record before us, Rojas's signed statement was voluntarily given. Rojas's issue one is overruled.


Conclusion


 Having overruled Rojas's sole issue, we affirm the judgment of the trial court.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(DO NOT PUBLISH)
1. Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966).